```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION


MOHAN THAMPI,

                Plaintiff,

vs.                                 Case No.  2:04-cv-441-FtM-29SPC

COLLIER   COUNTY   BOARD    OF
COMMISSIONERS, as the body corporate
governing Collier County, and JAMES
MUDD and JAMES DeLONY, in their
individual capacities,

                Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on Defendant Delony's Motion to Dismiss Amended Complaint (Doc. #178) and Defendant Mudd's Motion to Dismiss Amended Complaint (Doc. #181). Plaintiff filed a consolidated Memorandum of Law in Opposition (Doc. #188) to the motions. Defendants seek to dismiss the Amended Complaint because it fails to allege "ultimate facts," fails to allege sufficient factual specificity, and fails to attach referenced exhibits. Defendants also assert that they are entitled to qualified immunity.

As to the failure to attach exhibits to the Amended Complaint, any error appears to be the Court's. Plaintiff's Motion for Leave to Amend (Doc. #102) did include the attachments; however, the Order granting the motion directed the Clerk to file the Amended

Complaint only, and did not refer to the attachments (Doc. #131, p.3). The Court will deem the attachments located at Doc. #102 to be included as part of the Amended Complaint.

The federal notice pleading requirements are well settled. In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(*en banc*). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Eleventh Circuit, however, imposes "heightened pleading requirements" for civil rights cases in which individuals are entitled to assert a qualified immunity defense. Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)).

The Amended Complaint alleges that plaintiff exercised his First Amendment right of free speech "by reporting to supervisors and criticizing waste and gross mismanagement of public funds, resources, and projects in Collier County." (Doc. #134, ¶ 4.) The

following paragraph sets forth eight examples of such protected speech. (Doc. #134, ¶ 5(a)-(h).) The Amended Complaint alleges that the speech was "on matters of public concern" which included "waste of taxpayer dollars and mismanagement by public officials or entities . . ." (Doc. #134, ¶ 6.) The Amended Complaint further alleges that as a result of this protected speech, he was terminated from his employment by the County "at the direction of" the two individual defendants. (Doc. #134, ¶ 7.) The Court concludes that under the heightened pleading standard the Amended Complaint is sufficiently plead.

The reasonable inferences from the Amended Complaint a that defendants James Mudd and James DeLony were acting within their discretionary authority. Therefore, the burden is upon plaintiff to show that qualified immunity is not appropriate. Dalrymple v. Reno, 334 F.3d 991, 995 (11th Cir. 2003), cert. denied, 541 U.S. 935 (2004). This requires a two step analysis: First, the Court determines whether the facts alleged, taken in the light most favorable to plaintiff, show that defendants' conduct violated a constitutional right. Second, if a violation of a constitutional right is alleged, the Court must determine whether that right was clearly established at the time of the violation. Dalrymple, 334 F.3d at 995. The Court concludes that both requirements are satisfied by the Amended Complaint. It is alleged that the individual defendants directed that plaintiff be terminated for making speech concerning matters of public concern, and

specifically identifies the general areas of such speech. Retaliating because of protected speech is clearly a violation of the First Amendment, and it was clearly established at the time of the events in this case that a public employee could not be terminated in retaliation for protected speech. <u>Chesser v. Sparks</u>, 248 F.3d 1117, 1122 (11th Cir. 2001).

Accordingly, it is now

**ORDERED**:

1.  Defendant Delony's Motion to Dismiss Amended Complaint (Doc. #178) is **DENIED.**

2.  Defendant Mudd's Motion to Dismiss Amended Complaint (Doc. #181) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   23rd   day of August, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record